UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **CHARLES DOIRON, individually and on behalf of all others similarly situated** § § § | Docket No. _____ | |
| **Plaintiff,** § § | | |
| v. § § | **JURY TRIAL DEMANDED** | |
| **CENERGY INTERNATIONAL SERVICES, LLC** § § § | **CLASS/COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) FED. R. CIV. P. 23** | |
| **Defendant.** § § | | |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Charles Doiron ("Doiron" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Cenergy International Services, LLC ("Cenergy" or "Defendant") under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Plaintiff and the other workers like him regularly worked for Defendant in excess of 40 hours each week. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek. Instead of paying overtime as required by the FLSA and the PMWA, Defendant paid Plaintiff and all those similarly situated a daily rate with no overtime compensation. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Plaintiff and all those similarly situated worked for Defendant in this District and Division and Defendant conducts substantial business operations in this District and Division.

### III.   THE PARTIES

7. Plaintiff worked for Defendant as an HSE Advisor (sometimes referred to as an "HSE" or "HSE Consultant") from approximately January 2012 until February 2016. Throughout his employment with Defendant, he was classified as a W-2 employee, paid a day-rate, and denied overtime compensation when he worked more than 40 hours a week. His consent to be a party plaintiff is attached as Exhibit A.

8. Plaintiff brings this action on behalf of himself and all other similarly situated workers who worked as HSE Advisors and paid by Defendant's day-rate system. Defendant paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and the PMWA.

9. The class of similarly situated employees or potential class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER HSE ADVISORS WHO WORKED FOR, OR ON BEHALF OF, CENERGY INTERNATIONAL SERVICES, LLC DURING THE PAST THREE (3) YEARS WHO WERE PAID A DAY RATE.**
> ("Putative Class Members")

10. Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA.

11. Defendant **Cenergy International Services, LLC** is part of an enterprise consisting of more than one entity. Cenergy may be served by serving its registered agent for service of process, National Corporate Research, 600 North 2nd Street, Harrisburg, Pa. 17101. Cenergy conducts substantial business activities in this District and Division and throughout the United States.

### IV.   COVERAGE UNDER THE FLSA

12. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### V.   FACTS

16. Cenergy is a global supplier and provider of workforce solutions in the oil and gas

3

industry throughout the United States, including in Pennsylvania. In order to provide services to many of its customers, Cenergy contracts with certain companies to provide it with employees to perform the necessary work.

17. Many of these individuals worked for Defendant as HSE Advisors on a day-rate basis, and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Defendant classified all of the HSE Advisors as W-2 employees and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek. Defendant did not pay the HSE Advisors on a salary basis and never guaranteed them any predetermined weekly amount irrespective of the day-rates they received for the days they worked.

18. For example, Plaintiff Charles Doiron worked for Defendant as an HSE Advisor from approximately January 2012 until February 2016. Throughout his employment with Defendant, he was paid on a day-rate basis. Plaintiff was never guaranteed any weekly minimum compensation by Defendant, other than the day-rate he received for the days he worked.

19. In this capacity, Plaintiff's primary job duties (and the job duties of all other HSE Advisors who worked for Defendant) included implementing safety procedures, monitoring wellsite safety and testing, assisting in incident investigation and incident reporting, and completing daily safety reports. Plaintiff worked well in excess of 40 hours each week while employed by Defendant, often for weeks at time.

20. The work Plaintiff performed was an essential part of Defendant's core business.

21. Plaintiff was not required to possess any unique or specialized skillset (other than that maintained by all other HSE Advisors) to perform his job duties.

22. Even though Plaintiff often worked away from Defendant's offices without the presence of a direct supervisor employed by Defendant, Defendant still controlled all aspects of Plaintiff's job activities by enforcing mandatory compliance with Defendant's and/or its client's policies and procedures.

23. Defendant set Plaintiff's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Defendant.

24. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients. Virtually every job function was pre-determined by Defendant and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

25. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

26. The Putative Class Members did not have any supervisory or management duties.

27. Finally, for the purposes of an FLSA and PMWA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing energy operations in the field.

28. Plaintiff performed routine manual and technical labor duties that were largely dictated by Defendant and/or its clients.

29. Plaintiff worked exclusively for Defendant from approximately January 2012until February 2016.

30. All of the Putative Class Members perform the same or similar job duties and are

subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

31. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

32. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time.

33. Instead of paying them overtime, Defendant paid the Putative Class Members a day-rate. Defendant denied the Putative Class Members overtime for any and all hours worked in excess of 40 hours in a single workweek.

34. Defendant's policy of failing to pay its HSE Advisors, including Plaintiff, overtime violates the FLSA and PMWA because these workers are, for all purposes, employees of Defendant performing non-exempt job duties.

35. Defendant's day-rate system violates the FLSA and PMWA because Plaintiff and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

### VI. FLSA VIOLATIONS

36. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

37. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

38. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. PMWA VIOLATIONS

39. Plaintiff brings this claim under the PMWA as a Rule 23 class action.

40. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

41. At all relevant times, Defendant was subject to the requirements of the PMWA.

42. At all relevant times, Defendant employed Plaintiff, and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

43. The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

44. Defendant has and had a policy and practice of misclassifying Plaintiff and each member of the Pennsylvania class as exempt and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

45. Plaintiff, and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

46. Plaintiff, and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the PMWA.

### VIII. COLLECTIVE AND CLASS ACTION ALLEGATIONS

47. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the Putative Class Members.

48. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

49. Numerous other individuals who worked with Plaintiff indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

50. Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on Putative Class Members.

51. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty 40 per week.

52. Defendant's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

53. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

54. The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

55. Plaintiff has no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the Putative Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and federal law.

56. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and the PMWA.

58. Furthermore, even if some of the members of the Putative Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

59. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Class and provide for judicial consistency.

60. The questions of law and fact common to each of the members of the Putative Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendant employed the Putative Class Members within the meaning of the FLSA and the PMWA;

   b. Whether the Putative Class Members were improperly denied overtime compensation;

   c. Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   d. Whether Defendant's violation of the FLSA and PMWA was willful; and

   e. Whether Defendant's illegal pay practices were applied uniformly to all Putative Class Members.

61. Plaintiff's claims are typical of the claims of the other Putative Class Members. Plaintiff and Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

62. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

63. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## IX. JURY DEMAND

64. Plaintiff demands a trial by jury.

## X. RELIEF SOUGHT

65. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order designating the state law class as a class action pursuant to Fed. R. Civ. P. 23;

   d. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the Putative Class Members;

   e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Joshua P. Geist*
    Joshua P. Geist
    PA. I.D. No. 85745
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: (412) 766-1455
    Fax: (412)766-0300
    josh@goodrichandgeist.com

**AND**

*/s/Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
*(Pending Pro Hac Vice)*
Andrew W. Dunlap
Texas Bar No. 24078444
*(Admitted Pro Hac Vice)*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
*(Pending Pro Hac Vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**