IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES DOIRON, individually and On behalf of all others similarly situated, | ) ) ) | Civil Action No. 2:17-cv-01203 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CENERGY INTERNATIONAL SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

**SYNOPSIS**

In this civil action, Plaintiff asserts claims on behalf of himself and a class, pursuant to 29 U.S.C. §216(b) and Federal Rule of Civil Procedure 23. Plaintiff avers that Defendant violated the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), by paying employees a day rate with no overtime. Therefore, he seeks unpaid overtime wages and other damages. Previously, Defendant moved to dismiss, or alternatively to strike Plaintiff's class and collective allegations. [ECF No. 9]. Plaintiff then filed a First Amended Complaint, and Defendant's Motion was dismissed as moot. [ECF Nos. 14, 16]. Defendant now attacks Plaintiff's amended filing. Its Second Motion to Dismiss or, Alternatively, to Strike Class and Collective Allegations, brought pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 23, is now before the Court. [ECF No. 17]. For the following reasons, Defendant's Motion will be denied.

1

# OPINION

## I. APPLICABLE STANDARDS

Under Rule 12(b)(6), a complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When considering a Rule 12(b)(6) motion, the court does not assess whether a plaintiff might prevail on the merits; instead, the court must accept all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. Papurello v. State Farm Fire & Cas. Co., 144 F. Supp. 3d 746, 760 (W.D. Pa. 2015).

> Our Court of Appeals has explained the applicable standard as follows:
>
> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted"…."To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although the plausibility standard "does not impose a probability requirement," it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully." … The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Connelly v. Lane Constr. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016) (citations omitted).

In turn, motions to strike, whether under Rule 12 or 23, are rarely granted. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Relief under Rule 12(f) is "generally disfavored," and will not issue unless the challenged allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Semenko v. Wendy's Int'l, Inc., No. 2: 12-0836, 2013 U.S. Dist. LEXIS 52582, at *4 (W.D. Pa. Apr. 12, 2013) (quoting Goode v. LexisNexis Risk & Information Analytics Group, Inc., 284

F.R.D. 238, 243-44 (E.D. Pa. 2012)). Similarly, Rule 23(d)(1)(D) allows a court to "require that the pleadings be amended to eliminate allegations about representations of absent persons...." Such action, however, should be taken prior to discovery only in the rare case in which "no amount of additional discovery will alter the conclusion" that the class cannot be maintained. Goode, 284 F.R.D. at 244.

## II. DEFENDANT'S MOTION

Defendant argues that Plaintiff's Amended Complaint fails to sufficiently plead both that he and the putative class members are similarly situated, and that an employer policy existed. In response, Plaintiff contends that his pleading complies with standards applicable at this stage in the litigation, and that Defendant's challenge is premature.

Under the FLSA, an employee may bring a so-called collective action, and bring suit on their own behalf and on behalf of other employees "similarly situated." 29 U.S.C. 216(b). Employees may be similarly situated if they suffer from a single policy, even if unofficial, that violates the FLSA. Reinig v. RBS Citizens, N.A., No. 2:15-01541, 2017 U.S. Dist. LEXIS 134094, at *36 (W.D. Pa. Aug. 2, 2017) Within this Circuit, courts follow a two-tiered process when considering whether to conditionally certify a collective action. The first step in this process requires plaintiff to make a "modest factual showing" that the employees identified in the complaint are similarly situated. Camesi v. University of Pittsburgh Med Ctr., 729 F.3d 239, 243 (3d Cir. 2013). The plaintiff's initial burden in that regard is "light." Dunkel v. Warrior Energy Servs., 304 F.R.D. 193, 199 (W.D. Pa. 2014). With regard to a Rule 23 class action, the plaintiff must make a prima facie showing that the requirements of Rule 23 – numerosity, commonality, typicality, and adequacy of the representative – are satisfied, or that discovery is

likely to substantiate the class allegations. Semenko, 2013 U.S. Dist. LEXIS 52582, at **5, 10-11.

"District courts within the Third Circuit typically conclude that motions to strike class action allegations filed before plaintiffs move for class certification are premature." Reed v. Friendly's Ice Cream, LLC, No. 15-0298, 2016 U.S. Dist. LEXIS 62197, at *10 (M.D. Pa. May 11, 2016) (quoting Goode, 284 F.R.D. at 244).  Class allegations are stricken only "in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Strzakowlski v. GMC, No. 04-4740, 2005 U.S. Dist. LEXIS 18111, at *26 (D.N.J. Aug. 16, 2005).  Thus, "[d]ismissal of class allegations at this sta[g]e should be done rarely and that the better course is to deny such motion because 'the shape and form of a class action evolves only through the process of discovery.'" Myers v. MedQuist, Inc., No. 05-4608, 2006 U.S. Dist. LEXIS 91904, at *16 (D.N.J. Dec. 20, 2006) (quoting Gutierrez v. Johnson & Johnson, Inc., No. 01-5302, 2002 U.S. Dist. LEXIS 15418, *16 (D.N.J. 2002)).

This is not one of the rare cases in which dismissal, or striking Plaintiff's class and collective allegations, is justified.  Plaintiff pleads, inter alia, that a group of HSE advisors work for Defendant; those advisors are paid a day rate; and that those advisors work overtime, but are not paid overtime.  He avers that in the alternative, these employees were misclassified as exempt from overtime requirements.  First Amended Complaint, ¶¶2-8 [ECF No. 14].  This litigation has only recently commenced; the parties have engaged in no discovery, and have initiated no certification proceedings.  Defendant's challenge rests on Plaintiff's failure to include details – such as the names of Defendant's clients for whom Plaintiff and putative class members worked -- that are not required at this early stage.  Defendant points to the possibility of similarity-destroying facts, such as client-determined policies, that are more appropriately

4

addressed through and following discovery. More detailed allegations would certainly ease the path of this litigation; under applicable standards, however, Plaintiff's class and collective averments are adequate.

## CONCLUSION

In conclusion, Plaintiff's Amended Complaint comports with applicable standards. Defendant's Motion to dismiss or strike will be denied, without prejudice to Defendant to revisit its contentions at a later stage in this proceeding. An appropriate Order follows.

Dated: February 15, 2018

BY THE COURT:

s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: All counsel of record
Via electronic filing